1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11
12

SHANNON DOSTER,

13

          Plaintiff,

14

     v.

15

EXPERIAN INFORMATION SOLUTIONS, INC.,

16
17

          Defendant.

Case No. 16-CV-04629-LHK

**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART**

Re: Dkt. No. 25

18
19
20
21
22
23
24
25

      In this action, Plaintiff Shannon Doster ("Plaintiff") sues Defendant Experian Information Solutions, Inc. ("Experian") for violation of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681i. Before the Court is Experian's motion to dismiss. ECF No. 25. The Court finds that the instant motion is suitable for resolution without oral argument and therefore VACATES the hearing scheduled for January 26, 2017. However, the January 26, 2017 case management conference remains as set at 1:30 p.m. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Experian's motion to dismiss with prejudice in part and without prejudice in part.

26

**I.      BACKGROUND**

27

1

28

Case No. 16-CV-04629-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

United States District Court
Northern District of California

## A. Factual Background

On February 8, 2011, Plaintiff filed for Chapter 13 bankruptcy. First Amended Complaint ("FAC"), ECF No. 18 ¶ 93. "Chapter 13 of the Bankruptcy Code affords individuals receiving regular income an opportunity to obtain some relief from their debts while retaining their property. To proceed under Chapter 13, a debtor must propose a plan to use future income to repay a portion (or in the rare case all) of his debts over the next three to five years." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1690 (2015). "If the bankruptcy court confirms the plan and the debtor successfully carries it out, he receives a discharge of his debts according to the plan." *Id.* at 1690. In the instant case, Plaintiff's bankruptcy plan was confirmed on May 4, 2011. FAC ¶ 97.

On March 3, 2016, Plaintiff ordered a three-bureau credit report from Experian. *Id.* ¶ 98. In the report, Plaintiff allegedly noticed that "multiple trade lines continued to report Plaintiff's accounts with past due balances, inaccurate balances, in collections, and/or charged off." *Id.* ¶ 99. Plaintiff does not specify which accounts contained which alleged errors, or on which credit reporting bureau's reports these accounts appeared. In response to the report, on May 3, 2016, Plaintiff disputed the allegedly inaccurate trade lines with the three credit reporting bureaus: Equifax, Experian, and Trans Union, LLC ("TransUnion"). *Id.* ¶ 100. According to Plaintiff, "Plaintiff's dispute letter specifically put each Creditor on notice that Plaintiff had filed for bankruptcy and the account was not reporting the bankruptcy accurately or worse not at all." *Id.* ¶ 101. Moreover, Plaintiff's dispute letter "noted that there should not be any past due balance reported, the account should not be listed as charged off, transferred or sold, with an inaccurate monthly payment or that the account is in collections." *Id.*

On May 24, 2016, three weeks after Plaintiff sent in her dispute letter, Plaintiff was discharged from bankruptcy. Subsequently, on June 7, 2016, Plaintiff ordered a second three-bureau credit report from Equifax to check whether the alleged mistakes on the March 3, 2016 report had been corrected. *Id.* ¶ 104. In this second report, Plaintiff alleges that one account still reported her account inaccurately. *Id.* ¶ 105. Specifically, Plaintiff alleges that "JPMorgan Chase Bank was reporting Plaintiff's account . . . as in collections and charged off." *Id.*

Case No. 16-CV-04629-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

1    Plaintiff alleges that Experian failed to "conduct a reasonable investigation and to delete

2    any information that was not accurate" as required under 15 U.S.C. § 1681i-(a)1. *Id.* ¶ 119.

3    Specifically, Plaintiff alleges that Experian must have conducted an unreasonable investigation

4    because "any basic investigation" would have revealed that information furnishers "were not

5    following credit reporting industry standards" by reporting delinquent debts after Plaintiff's

6    Chapter 13 bankruptcy plan confirmation. *Id.* ¶ 127.

7    Finally, Plaintiff alleges generally that "all actions alleged herein by Defendants were done

8    knowingly, intentionally, and in reckless disregard for credit reporting industry standards in an

9    attempt to purposefully undermine Plaintiff's ability to reorganize and repair Plaintiff's FICO

10   Score." *Id.* ¶ 18.

11   **B.  Procedural History**

12   On August 12, 2016, Plaintiff filed a Complaint in this Court against Experian and

13   JPMorgan Chase Bank ("JPMorgan Chase"). ECF No. 1. Plaintiff asserted a cause of action under

14   the FCRA against each Defendant, and Plaintiff asserted a cause of action under the CCRAA

15   against JPMorgan Chase. *See id.* at ¶¶ 22–40.

16   On September 13, 2016, Experian moved to dismiss the Complaint. ECF No. 11. Rather

17   than respond to Experian's motion to dismiss, Plaintiff filed on October 3, 2016 an amended

18   complaint. ECF No. 18. Accordingly, on November 3, 2016, this Court denied Experian's motion

19   to dismiss as moot. ECF No. 24.

20   On November 3, 2016, Experian moved to dismiss the FAC. ECF No. 25 (Mot."). On

21   December 1, 2016, Plaintiff filed a response to Experian's motion to dismiss. ECF No. 27

22   ("Opp."). On December 21, 2016, Experian filed a reply. ECF No. 39 ("Reply").

23   On October 26, 2016, Plaintiff filed a stipulation of voluntary dismissal of Defendant

24   JPMorgan Chase. ECF No. 22. The Court granted the stipulation of dismissal on October 27,

25   2016. ECF No. 23.

26   **II.    LEGAL STANDARD**

27   **A.  Motion to Dismiss Under Rule 12(b)(6)**

28
Case No. 16-CV-04629-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN
PART

United States District Court
Northern District of California

3

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (internal citation omitted).

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and a "court may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1061, 1064 (9th Cir. 2011). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179 1183 (9th Cir. 2004).

### B.  Leave to Amend

If the court concludes that a motion to dismiss should be granted, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith

Case No. 16-CV-04629-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (alteration in original).

## III.    DISCUSSION

Plaintiff asserts only a FCRA claim against Experian. Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). To ensure that credit reports are accurate, the FCRA imposes duties on consumer reporting agencies. *Id.* In the instant case, Experian does not dispute that it qualifies as a consumer reporting agency under the FCRA.

The obligations of consumer reporting agencies ("CRAs") are described in 15 U.S.C. § 1681i. Under that section of the FCRA, consumer reporting agencies must conduct a reasonable "reinvestigation" of reported credit information if a consumer disputes the contents of the report. 15 U.S.C. § 1681i(a); *see also Thomas v. TransUnion, LLC.*, 197 F. Supp. 2d 1233, 1236 (D. Or. 2002) (discussing the reinvestigation requirements for CRAs under the FCRA). Specifically, within 30 days of receiving a notice from a consumer dispute, a credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." 15 U.S.C. § 1681i(a)(1)(A). Additionally, a CRA is required to "provide notification of the dispute to any person who provided any item of information in dispute" so that the furnisher may conduct its own investigation as required by § 1681s-2(b). *See* § 1681i(a)(2)(A). The FCRA creates a private right of action for willful or negligent noncompliance with its provisions. *Gorman*, 584 F.3d at 1154 (citing 15 U.S.C. §§ 1681n, o).

The FCRA creates a private right of action for willful or negligent noncompliance with either § 1681i. *Gorman*, 584 F.3d at 1154 (citing 15 U.S.C. §§ 1681n, o). If a failure to comply

Case No. 16-CV-04629-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

United States District Court
Northern District of California

with either § 1681i or § 1681s-2(b) is negligent, a plaintiff may recover "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681o(a)(1). If a failure to comply with either § 1681i or § 1681s-2(b) is willful, a consumer may recover actual damages or statutory damages between $100 and $1000, as well as any appropriate punitive damages. 15 U.S.C. § 1681n(a).

Additionally, a plaintiff must establish "that an actual inaccuracy exist[s] for a plaintiff to state a claim" for a violation of § 1681i. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010). Thus, even if a furnisher or CRA fails to conduct a reasonable investigation or otherwise fails to fulfill its obligations under the FCRA, if a plaintiff cannot establish that a credit report contained an actual inaccuracy, then the plaintiff's "claims fail as a matter of law." *Carvalho*, 629 F.3d at 890.

Experian argues that Plaintiff's FAC must be dismissed because Plaintiff fails to identify any inaccurate or misleading statements in Plaintiff's credit report. In response, Plaintiff argues that "[t]he information that was being reported on Plaintiff's credit report after the confirmation of [Plaintiff's] chapter 13 plan of financial reorganization and subsequent chapter 13 discharge was both inaccurate and misleading and does not comport with the industry standards that cover credit reporting and bankruptcy." Opp. at 2–3. Specifically, Plaintiff asserts that "Plaintiff's confirmed chapter 13 plan modifies his [sic] secured and unsecured debts and the confirmation order is a final and binding judgment on the status of those debts" and that "[r]eporting a debt differently than its treatment runs afoul of the confirmation order and res judicata effect of the confirmation order." *Id.* at 3. The Court first addresses Plaintiff's argument that her credit report contained inaccurate information following Plaintiff's discharge from Chapter 13 bankruptcy. The Court then addresses Plaintiff's argument that her credit report was inaccurate because it did not conform to Plaintiff's confirmed Chapter 13 bankruptcy plan.

### A. Allegedly Inaccurate Information Following Discharge

First, Plaintiff claims that her credit report contained inaccurate information following

Case No. 16-CV-04629-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

United States District Court
Northern District of California

1    Plaintiff's discharge from Chapter 13 bankruptcy. However, the complaint does not allege that

2    Plaintiff disputed the contents of any credit report that Plaintiff obtained after she was discharged

3    from bankruptcy. Thus, the discharge cannot form the basis of an FCRA claim against Experian.

4         Plaintiff's complaint states that she obtained a credit report on March 3, 2016, on which

5    she noticed two trade lines with alleged inaccuracies. FAC ¶ 99. Plaintiff then alleges that she

6    disputed the allegedly inaccurate trade lines on May 3, 2016. *Id.* ¶ 100. In this dispute letter,

7    Plaintiff stated that her credit report was not reporting her pending bankruptcy accurately and that

8    her confirmed bankruptcy plan meant there should not be "any past due balance reported." *Id.* ¶

9    101. Three weeks later, on May 24, 2016, Plaintiff alleges that she received her discharge. *Id.* ¶

10   103.

11        However, Plaintiff never alleges that Plaintiff sent any dispute letter after her May 24,

12   2016 discharge or that Plaintiff ever informed Experian or her creditors that her credit report was

13   incorrect because it failed to take account of the May 24, 2016 discharge. *See generally* FAC. A

14   CRA's obligation to conduct a "reasonable reinvestigation" under the FCRA is triggered "only

15   upon receipt of a dispute from a consumer." *Devincenzi v. Experian Info. Sols., Inc.*, 2017 WL

16   86131, at *8 (N.D. Cal. Jan. 10, 2017); *see also* 15 U.S.C. § 1681i(a)(1)(A) ("[I]f ... any item of

17   information contained in a consumer's file at a consumer reporting agency is disputed by the

18   consumer and the consumer notifies the agency . . . of such dispute, the agency shall, free of

19   charge, conduct a reasonable reinvestigation to determine whether the disputed information is

20   inaccurate."). Thus, because Experian never received a dispute claiming that Plaintiff's credit

21   report was inaccurate because Plaintiff's debts had been discharged in bankruptcy, Experian's

22   "investigation obligations regarding this alleged inaccuracy were never triggered." *Devincenzi*,

23   2017 WL 86131, at *8; *see also Jaras v. Experian Info. Sols., Inc.*, 2016 WL 7337540, at *4 (N.D.

24   Cal. Dec. 19, 2016) (holding that Plaintiff "cannot make a prima facie case of inaccurate

25   reporting" because "at the time Plaintiff lodged his dispute, Plaintiff's credit report was

26   accurate.").

27

28   Case No. 16-CV-04629-LHK
     ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN
     PART

United States District Court
Northern District of California

7

1  In short, Plaintiff never alleges that she disputed her credit report after her May 24, 2016

2  discharge, and therefore Experian's duty to reinvestigate this alleged inaccuracy was never

3  triggered. Thus, alleged inaccuracies based on the May 24, 2016 discharge are not sufficient to

4  state a claim against Experian under the FCRA.

5  **B. Failure to Conform to Confirmed Chapter 13 Plan**

6  Second, Plaintiff argues that her March 3, 2016 credit report was inaccurate because it did

7  not conform to the terms of Plaintiff's Chapter 13 bankruptcy plan. Specifically, Plaintiff argues

8  that a "confirmation order is a final judgment which fixes the amount of debt owed," and that

9  therefore "once a chapter 13 plan is confirmed a creditor is bound by the terms of the plan" and a

10  credit report must therefore reflect only the terms of the plan.

11  However, the Court has repeatedly rejected Plaintiff's argument. In *Blakeney v. Experian*

12  *Info. Sols., Inc.*, 2016 WL 4270244 (N.D. Cal. Aug. 15, 2016), this Court held that although

13  reporting delinquent payments may be misleading if the debts have been discharged in bankruptcy,

14  "it is not misleading or inaccurate to report delinquent debts that have *not* been discharged." *Id.* at

15  *5. In *Jaras v. Experian Info. Sols., Inc.*, 2016 WL 7337540, at *3 (N.D. Cal. Dec. 19, 2016), this

16  Court held that "as a matter of law, it is not misleading or inaccurate to report delinquent debts

17  during the pendency of a bankruptcy proceeding prior to the discharge of the debts." Other courts

18  in this district have consistently reached the same conclusion. *See Mortimer v. JP Morgan Chase*

19  *Bank, N.A.*, 2012 WL 3155563, at *3 (N.D. Cal. Aug. 2, 2012) ("*Mortimer I*") ("While it might be

20  good policy in light of the goals of bankruptcy protection to bar reporting of late payments while a

21  bankruptcy petition is pending, neither the bankruptcy code nor the FCRA does so."); *Mortimer v.*

22  *Bank of Am., N.A.*, 2013 WL 1501452, at *4 (N.D. Cal. Apr. 10, 2013) ("*Mortimer II*") (finding

23  that reporting delinquencies during the pendency of bankruptcy is not misleading so long as the

24  creditor reports that the account was discharged through bankruptcy and the outstanding balance is

25  zero); *Giovani v. Bank of Am., N.A.*, 2012 WL 6599681, at *6 (N.D. Cal. Dec. 18, 2012) ("*Giovani*

26  *I*") (holding that it was not misleading or inaccurate for a furnisher to report overdue payments on

27

28  Case No. 16-CV-04629-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN
PART

United States District Court
Northern District of California

8

debtor's account during pendency of Chapter 7 bankruptcy petition but prior to discharge); *Giovanni v. Bank of Am., N.A.*, 2013 WL 1663335, at *6 (N.D. Cal. Apr. 17, 2013) ("*Giovanni II*") (same); *Harrold v. Experian Info. Sols., Inc.*, 2012 WL 4097708, at *4 (N.D. Cal. Sept. 17, 2012) ("[R]eports of delinquencies in payment while bankruptcy proceedings are still ongoing is not 'incomplete or inaccurate' information.").

As discussed at length in *Blakeney*, *Jaras*, and other cases, the legal status of a debt does not change until the debtor is discharged from bankruptcy. 11 U.S.C. § 1328; *Blakeney*, 2016 WL 4270244, at *6 ("Plaintiff is not entitled to receive a discharge of debts covered under Plaintiff's Chapter 13 bankruptcy plan until Plaintiff has completed all payments provided for under the Chapter 13 bankruptcy plan."). Confirmation of a payment plan is not sufficient to alter the legal status of a debt, because if a debtor fails to comply with the Chapter 13 plan, the debtor's bankruptcy petition can be dismissed, in which case the debt will be owed as if no petition for bankruptcy was filed. *See In re Blendheim*, 803 F.3d 477, 487 (9th Cir. 2015) ("[D]ismissal returns to the creditor all the property rights he held at the commencement of the Chapter 13 proceeding."); *see also Elliott*, 150 B.R. at 40 ("[E]ven if a confirmed Chapter 13 plan did bar challenges to the underlying claims, *res judicata* would not apply where the confirmed plan had been dismissed."). Thus, a confirmation order does not constitute a final determination of the amount of the debt, and it is not misleading or inaccurate to report delinquent debt during the pendency of a bankruptcy proceeding but before discharge. In short, even if Plaintiff is correct that Plaintiff's credit report did not reflect the terms of Plaintiff's Chapter 13 bankruptcy plan, this would not be an inaccurate or misleading statement that could sustain a FCRA claim against Experian.

Plaintiff's invocation of "industry standards" does not undermine this conclusion. FAC ¶ 80 ("Post confirmation the accepted accurate credit reporting standard for reporting balances is to report the balance owed under the Chapter 13 plan terms."). Indeed, this Court recently rejected an identical "industry standards" argument in *Devincenzi v. Experian Information Solutions*, 2017

9

United States District Court
Northern District of California

1    WL 86131 (N.D. Cal. Jan. 10, 2017); *Keller v. Experian Information Solutions*, 2017 WL 130285

2    (N.D. Cal. Jan. 13, 2017); and *Connors v. Experian Info. Sols., Inc.*, 2017 WL 168493 (N.D. Cal.

3    Jan. 17, 2017). As this Court explained in *Devincenzi*, *Keller*, and *Connors*, courts in this district

4    have repeatedly held that accurately reporting a delinquent debt during the pendency of a

5    bankruptcy is not rendered unlawful simply because a plaintiff alleges that the reporting, though

6    accurate, was inconsistent with industry standards. *Devincenzi*, 2017 WL 86131, at *6; *Keller*,

7    2017 WL 130285, at *7; *Connors*, 2017 WL 168493, at *4. For example, in *Mortimer II*, the Court

8    held that "[t]o the extent that the account was delinquent during the pendency of the bankruptcy,

9    failure to comply with the CDIA guidelines does not render the report incorrect." 2013 WL

10   1501452, at *12. Similarly, in *Sheridan v. FIA Card Services, N.A.*, 2014 WL 587739 (N.D. Cal.

11   Feb. 14, 2014), the court followed *Mortimer* in "reject[ing] the argument that failure to comply

12   with industry standards violates the FCRA where the information itself is nonetheless true." *Id.* at

13   *5. Additionally, in *Mestayer v. Experian Information Solutions*, *Inc.*, 2016 WL 7188015 (N.D.

14   Cal. Dec. 12, 2016) ("*Mestayer III*"), the court held that at least when a credit report acknowledges

15   the existence of a pending bankruptcy, reporting a delinquent debt during the pendency of a

16   bankruptcy is not inaccurate or misleading "even if [the report] otherwise did not fully comply

17   with" industry standards. *Id.* at *3; *see also Mestayer v. Experian Info. Solus., Inc.*, 2016 WL

18   3383961 (N.D. Cal. June 20, 2016) (same); *Hupfauer v. Citibank, N.A.*, 2016 WL 4506798 (N.D.

19   Ill. Aug. 19, 2016) (citing *Mortimer* for the proposition that "Plaintiff's argument that Experian's

20   reporting deviated from guidelines set by the Consumer Data Industry Association is beside the

21   point, as these guidelines do not establish the standards for accuracy under the FCRA."). The same

22   is true here.

23          Plaintiff cites *Nissou-Raban v. Capital One Bank (USA), N.A.*, 2016 WL 4508241 (S.D.

24   Cal. June 6, 2016), for the proposition that alleging a violation of reporting standards can in some

25   circumstances be sufficient to state a claim under the FCRA. However, *Nissou-Raban* held only

26   that if a furnisher reports a debt that is the subject of a pending bankruptcy, it could be misleading

27

28   Case No. 16-CV-04629-LHK
     ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN
     PART

United States District Court
Northern District of California

for the furnisher to describe that debt as "charged off"—that is, seriously delinquent and likely uncollectable—without mentioning that the debt is the subject of a pending bankruptcy. *Id.* at *4. Thus, at most, *Nissou-Raban* stands for the proposition that a furnisher that reports delinquent debts during the pendency of a bankruptcy should also report the fact that a bankruptcy is pending so that creditors know that those delinquent debts may be discharged in the future. However, *Nissou-Raban* does not endorse Plaintiff's argument that reporting a delinquent debt itself violates industry standards and is misleading or inaccurate. *Devincenzi*, 2017 WL 86131, at *6 (distinguishing *Nissou-Raban* from a situation where, as here, the plaintiff alleged only that the defendants' reporting of plaintiff's delinquent debt during plaintiff's Chapter 13 bankruptcy violated industry standards and was thus incorrect under the FCRA). On the contrary, *Nissou-Raban* explicitly recognized that "pleading facts that show a furnisher reported information that was accurate while bankruptcy was pending but before the debt was discharged does not, as a matter of law, provide the predicate inaccuracy necessary to state a FCRA or a CCRAA claim." *Nissou-Raban*, 2016 WL 4508241, at *3.

The issue in *Nissou-Raban* is therefore not presented in the instant case. Plaintiff alleges generally that, on Plaintiff's credit report, "[s]ome accounts . . . [were] not reporting the bankruptcy . . . at all," FAC ¶ 99, but Plaintiff never specifies which accounts failed to mention the pending bankruptcy. [1] Further, Plaintiff never alleges that Experian failed to report Plaintiff's pending bankruptcy. *See generally* FAC ¶¶ 104–07; Experian Mot. at 2–3 ("While Plaintiff alleges that she ordered a 'three bureau' report from Experian, she does not allege that Experian reported the purportedly inaccurate information in that document," as opposed to the other bureaus). To the contrary, Plaintiff's FAC makes only general and unspecified allegations that her credit report, which was a three-bureau credit report, contained inaccuracies and that the CRAs reported

---

[1] Plaintiff's FAC alleges that "JPMorgan Chase Bank was reporting Plaintiff's account . . . as in collections and charged off." FAC ¶ 105. However, Plaintiff does not allege that the JPMorgan Chase account failed to mention the bankruptcy, and Plaintiff never alleges that Experian reported this information.

11

Case No. 16-CV-04629-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

United States District Court
Northern District of California

misleading and inaccurate information, but the FAC does not allege any conduct that is specific to Experian. *See, e.g.*, FAC ¶¶ 118–32. Accordingly, because Plaintiff's FAC does not allege that either Experian failed to report the fact of Plaintiff's pending bankruptcy, the Court need not consider whether such a failure would be misleading or inaccurate under the FCRA. *Devincenzi*, 2017 WL 86131, at *7 (dismissing identical FCRA claims because the Plaintiff "never allege[d] that [the furnisher] or Experian failed to mention the pending bankruptcy").

In sum, Plaintiff's vague assertion that "reporting a past due balance post confirmation does not comport with industry standards," FAC ¶ 131, is not enough to overcome this Court's consistent holding that as a matter of law it is not misleading or inaccurate to report a delinquent debt during the pendency of a bankruptcy. Thus, the Court rejects Plaintiff's argument that her credit report was misleading or inaccurate for reporting delinquent debt during the pendency of her Chapter 13 bankruptcy.[2] *See Devincenzi*, 2017 WL 86131, at *7.

The Court therefore GRANTS Experian's motion to dismiss Plaintiff's FCRA claim based on the reporting of delinquent debt during the pendency of a bankruptcy. The Court finds as a matter of law that reporting a delinquent debt during the pendency of a bankruptcy is not inaccurate or misleading, and thus this claim is dismissed with prejudice. *See Jaras v. Experian Info. Solus., Inc.*, 2016 WL 7337540, at *3 (N.D. Cal. Dec. 19, 2016) ("[A]s a matter of law, it is not misleading or inaccurate to report delinquent debts during the pendency of a bankruptcy proceeding prior to the discharge of the debts."). Therefore, because Plaintiff "cannot make a prima facie case of inaccurate reporting" with respect to this claim, the Court finds that "amendment . . . would be futile." *Carvalho*, 629 F.3d at 892.

Nonetheless, as discussed above, Plaintiff has also alleged generally that certain accounts in the May 16, 2016 credit report contained no indication at all that the debts were the subject of a

---

[2] Because the Court agrees with Defendants that it is not misleading or inaccurate to report delinquent debt during the pendency of a Chapter 13 bankruptcy, the Court need not reach Defendant's argument that Plaintiff has failed to sufficiently plead willfulness or actual damages. *See* Experian Mot. at 12–15.

Case No. 16-CV-04629-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

*United States District Court*
*Northern District of California*

pending bankruptcy. Plaintiff has not stated that these allegations apply to Experian, and therefore the Court does not consider these allegations at this time or decide whether they would be sufficient to state a claim. However, the Court grants leave to amend for Plaintiff to clarify whether this allegation applies to Experian, and, if so, to provide more detail regarding these allegations. *Devincenzi*, 2017 WL 86131, at *7 (granting Plaintiff leave to amend FCRA claims to allege whether the furnisher or Experian failed to report Plaintiff's pending bankruptcy). In doing so, however, the Court warns that Plaintiff must provide "much more specific allegations" regarding what precisely Experian reported and how this report could be misleading, including production or detailed description of "the actual credit report to which" Plaintiff objects. *Mestayer III*, 2016 WL 7188015, at *3. If Plaintiff fails to correct these deficiencies, this claim too will be dismissed with prejudice.

The Court also grants Plaintiff leave to amend her claim that Experian violated its duty of reinvestigation following her discharge. Specifically, the Court grants Plaintiff leave to clarify whether Plaintiff ever disputed the contents of a credit report issued after Plaintiff received her discharge. If Plaintiff fails to correct the deficiencies in this claim, this claim too will be dismissed with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Experian's motion to dismiss. The Court DISMISSES WITH PREJUDICE Plaintiff's FCRA claim based on the reporting of delinquent debt during the pendency of a bankruptcy. The Court DISMISSES WITH LEAVE TO AMEND Plaintiff's FCRA claim based on failure to report the fact of a pending bankruptcy and Plaintiff's FCRA claim based on alleged inaccuracies following discharge from bankruptcy.

Should Plaintiff elect to file an amended complaint curing the deficiencies identified herein, Plaintiff shall do so within twenty-one (21) days of the date of this Order. Failure to meet the twenty-one day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice of Plaintiff's claims. Plaintiff may

United States District Court
Northern District of California

13

1   not add new causes of action or parties without leave of the Court or stipulation of the parties

2   pursuant to Rule 15 of the Federal Rules of Civil Procedure.

3   **IT IS SO ORDERED.**

4

5   Dated: January 20, 2017

6   _____

7   LUCY H. KOH
    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                                14
28   Case No. 16-CV-04629-LHK
     ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN
     PART

United States District Court
Northern District of California